THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 02-172-26 |
| CHRISTOPHER SMITH | : | |

### GOVERNMENT'S REPLY IN SUPPORT OF MOTION FOR STAY OF RESENTENCING PURSUANT TO 28 U.S.C. § 2255

The government's motion for a stay of resentencing pending resolution of state court habeas proceedings was filed on September 15, 2025 (ECF 3310). As explained there, the question whether defendant Christopher Smith committed numerous additional murders in addition to the murder for which he was held responsible in this federal case is of great significance, and therefore the resentencing here should await the final state resolution of that issue.[1]

---

[1] The government has respectfully requested that the Court address the motion for a stay in advance of the resentencing hearing, or before requiring the presentation of witnesses related to resentencing, in order to mitigate possible inconvenience to witnesses who are family members of a murder victim.

In addition, on September 23, 2025 (ECF 3318), the government filed a supplemental motion for a stay, requesting that if the longer stay requested here is not granted, the Court stay resentencing for a shorter time to permit the government to obtain relevant state prison records that the defendant did not assist the Probation Office in obtaining.

Smith filed a response in opposition to the motion for stay on September 16, 2025 (ECF 3312). That very brief six-paragraph response did not rebut any of the points made by the government explaining the need for a stay. Notably, it did not address at all the need for a final resolution of the state murder charges before the federal resentencing proceeds. Instead, Smith simply stated, "The government's motion fails to show why it knows best when Mr. Smith would benefit from receiving a constitutionally compliant federal sentence or how an open-ended delay, particularly where he remains in primary state custody, would not harm him." To the contrary, the government explained exactly why a stay is necessary, and Smith offered no response.

Moreover, Smith's memorandum regarding resentencing, filed next on September 23, 2025 (ECF 3319), makes even more abundantly clear why a stay is essential: both to provide this Court with full and accurate information regarding Smith's apparently egregious criminal history, and to allow this Court to fashion a coherent sentence.

1. As predicted, in the resentencing memorandum, the defense invited this Court to simply ignore Smith's conviction in three state cases for the commission of four murders. *See, e.g.*, Mem. 59 (calling on the Court "to drastically untether its sentencing determination from Mr. Smith's constitutionally infirm state convictions."). This shocking suggestion stands in violation of numerous statutory mandates regarding federal sentencing. *See* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing

an appropriate sentence."); 18 U.S.C. § 3553(a)(1) ("The court, in determining the particular sentence to be imposed, shall consider – (1) the . . . history and characteristics of the defendant"); U.S.S.G. § 1B1.4 ("In determining the sentence to impose within the guideline range, or whether a departure from the guidelines is warranted, the court may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law. *See* 18 U.S.C. § 3661.").

The defense resentencing memorandum also makes clear that Smith does not admit and continues to dispute the murders for which multiple juries convicted him in state court. Mem. 54 (stating that the record "reflects convictions for homicides for which reliable information shows he is not culpable"). He presents a scattered collection of claims of prosecutorial misconduct and ineffective assistance of counsel that he states undermines those convictions. Mem. 54-58.

Needless to say, it is impossible for this Court to litigate the verity of the state convictions, something that the state court is fully expert at accomplishing. In part, with regard to all claims of prosecutorial misconduct or ineffective assistance of counsel, any assessment requires consideration of the full trial records, particularly to address the question of prejudice. For instance, with regard to the ineffectiveness inquiry, the Supreme Court directed: "In making this [prejudice] determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." *Strickland v. Washington*, 466 U.S. 668, 695 (1984). *See also, e.g.*, *United States v. Young*, 470 U.S. 1, 19 (1985) (deeming a prosecutor's inappropriate remarks to a jury not prejudicial in part because "the overwhelming evidence" of guilt "eliminates any

lingering doubt that the prosecutor's remarks unfairly prejudiced the jury's deliberations"). This inquiry sweeps far beyond the proper role of this Court, and would usurp the state court's duty to determine the legitimacy of convictions entered after lengthy trials in that court.[2]

This Court of course may not simply take defense counsel's word that the convictions, returned by juries and upheld by multiple courts, are infirm. If Smith continues to deny his participation in those murders, he should litigate that matter in the proper forum, then permitting this Court to impose sentence in this case based on an accurate criminal history. (This is also why Smith's effort to use this federal proceeding to obtain discovery related only to his state convictions should be denied, an issue properly raised only in the state cases. That will be discussed at the forthcoming hearing on September 30, 2025.)

As the government has explained, whether Smith committed numerous additional murders is of vital relevance in the resentencing in this case. This proceeding should be stayed pending resolution of Smith's state habeas challenges.

2. Smith's resentencing memorandum also highlights another reason that a stay pending the final state resolution is necessary: to allow this Court to intelligently fashion the proper sentence in this case.

---

[2] The undersigned is advised that the state PCRA matter is scheduled for a status hearing before the Hon. Jennifer Schultz on October 24, 2025.

To be sure, the government advocates reimposition of Smith's life sentence in the federal case. Should the Court agree, then the resolution of the final state terms is much less significant. But understandably, Smith in this case seeks a sentence below the advisory guideline term of life imprisonment, and if the Court is so inclined, it must know the final state terms in order to impose the final sentence it deems warranted.

The reason is, as Smith acknowledges in his brief opposition to the government's motion for stay, that the state has "primary" custody of Smith. ECF 3312 at p. 2. In this situation, the Bureau of Prisons will not commence the running of any federal sentence until the state sentence is complete. And thus, for this Court to know how long the full sentence will be, including the term it deems warranted in this case, it must know the final state term.

Smith makes other suggestions in his resentencing memorandum, but none comply with the law. He proposes, for instance, that the Court "order that the federal sentence be run concurrently with any other undischarged state sentence," and "commence the sentence as of April 29, 2004, the date of Mr. Smith's original federal sentencing." Resentencing Mem. 61. But BOP will not follow any such directive. The governing statute, 18 U.S.C. § 3585(b), provides that BOP cannot give credit toward a federal sentence of time "credited against another sentence," i.e., the primary state term. The federal sentence will not start to run until the state sentence ends.

Smith alternatively suggests that the Court "designate the Pennsylvania Department of Corrections as the facility at which Mr. Smith will serve his federal sentence." Resentencing Mem. 61. That is also beyond this Court's power as a matter of

law. The Court can make a recommendation, but no more. The governing statute commits to BOP the designation of the place of confinement, and states: "Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court." 18 U.S.C. § 3621(b).

If a federal court wants to control the full length of time served, in combination with a primary state sentence, there is only one option: to reduce the federal sentence as imposed at the outset. This is explained in detail in *Ruggiano v. Reish*, 307 F.3d 121 (3d Cir. 2002). Say, for instance, the defendant faces a primary state sentence of 10 years, and the federal court determines that it is appropriate for the defendant to serve a total of 20 years in prison for all of his criminal conduct, which is within the applicable guideline range. The solution, per *Ruggiano v. Reish*, is for the federal court at sentencing to depart downward and impose a sentence of 10 years to run consecutively to the state term. The Third Circuit explained that this is not a "credit" barred by Section 3585(b); rather, it is a reduction in sentence at the outset in order to achieve the court's sentencing goal.

Plainly, in order to follow this course, the federal court must know what the state sentence is. In this case, for instance, say hypothetically that this Court determines that a full sentence of 45 years is appropriate based on Smith's conduct and history (akin to Judge Tucker's 2022 determination regarding co-defendant Christopher Williams). If it believes that the state will also in the end impose a 45-year term, then the proper course would be for this Court to impose a minimal sentence here, perhaps of a day. Otherwise, Smith could end up with a 90-year total term. But we also know that Smith is continuing to challenge his state convictions. If this Court were to impose that minimal term now,

and Smith then succeeded in knocking out the state convictions, he would walk out of prison the next day, entirely frustrating this Court's conclusion. (This is the game Smith is playing in seeking federal sentencing first; while he pays lip service to the possibility that he "will serve substantial additional time on his state sentences and will not see release until his fifties or even his early sixties," Resentencing Mem. 3, he is actively trying to prevent that. It is clearly his strategy and his hope that this Court will impose a short sentence that results in his inordinately early release.)

In short, where the state has primary custody but its sentence is not yet definitively known, this Court would simply be stumbling in the dark in trying to assess how to structure the federal sentence. As with respect to the need to clearly understand Smith's criminal history, the solution is obvious: waiting for the state's final assessment.

For these reasons, as well as those set forth in the government's motion, the resentencing in this case should be stayed pending resolution of the state habeas proceedings.

Respectfully yours,

DAVID METCALF
United States Attorney

*/s Robert A. Zauzmer*
ROBERT A. ZAUZMER
Assistant United States Attorney
Chief of Appeals

## CERTIFICATE OF SERVICE

I hereby certify that this pleading has been served on the Filing User identified below through the Electronic Case Filing (ECF) system:

>Kathryn Bailey, Esq.
>Elisa Long, Esq.

>*/s Robert A. Zauzmer*
>ROBERT A. ZAUZMER
>Assistant United States Attorney

Dated:  September 25, 2025.